IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHRISTIAN SATTERFIELD,  )
           )
   Petitioner,   )
           )
           )  CIV-08-733-D
v.          )
           )
ERIC FRANKLIN, Warden,  )
           )
   Respondent.   )

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions for Attempted Manufacture of Controlled Dangerous Substance and Possession of a Precursor entered in the District Court of Oklahoma County, Case No. CF-2001-1842. Respondent has moved to dismiss the Petition on the ground that it is time-barred. Petitioner has responded to the Motion to Dismiss in a letter addressed to the undersigned Magistrate Judge. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed with prejudice as it is untimely.

According to Petitioner, he was charged in the District Court of Oklahoma County with the offenses of Attempted Manufacture of Controlled Dangerous Substance, Possession

of a Precursor, and Possession of a Firearm During Commission of a Felony, and was found guilty of these offenses in a jury trial.  On January 25, 2002, Petitioner was sentenced for these convictions to a 30-year term of imprisonment, a 5-year term of imprisonment, and a 7-year term of imprisonment, respectively, with the sentences ordered to run consecutively. Petitioner appealed the convictions and asserted in his direct appeal that the convictions for Attempted Manufacture of Controlled Dangerous Substance and Possession of a Precursor violated federal and state constitutional prohibitions against double jeopardy.  Petitioner also asserted on appeal that his rights to due process and a fair trial were violated by the active advocacy of the general counsel of the Oklahoma Bureau of Narcotics, by the trial court's failure to instruct the jury on the proper range of punishment, by the admission of certain evidence and other trial errors, and by prosecutorial misconduct. Petitioner asserted that his conviction for Possession of a Precursor violated his right to due process because he was found guilty of a crime not charged in the information.  Finally, Petitioner asserted that the $50,000 minimum fine mandated under Oklahoma's sentencing statute for the drug manufacturing offense was unconstitutional.

According to Petitioner, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's convictions for Attempted Manufacture of Controlled Dangerous Substance and Possession of a Precursor but reversed the conviction for Possession of a Firearm During Commission of a Felony.[1]  Petitioner concedes that he has not sought further post-conviction

---

[1]Neither party has provided copies of the Judgment and Sentence entered in Case No. CF-2001-1842 or the decision rendered by the OCCA in Petitioner's direct appeal.

review of his convictions in Case No. CF-2001-1842.

Respondent contends that review of the merits of the Petition is barred by operation of 28 U.S.C. § 2244(d)(1). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996, imposes a one-year period of limitation for filing a habeas corpus petition by a person in custody challenging a state court conviction. 28 U.S.C. § 2244(d)(1).

Petitioner filed this Petition on July 17, 2008, and his Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996). Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] The one-year time limit is tolled while "a properly filed application for State post-conviction, or other collateral review with respect to the pertinent judgment or claim, is pending." 28 U.S.C. § 2244(d)(2).

According to documentary evidence provided by Respondent in the form of the docket sheet filed in Petitioner's direct appeal, Petitioner's convictions in Case No. CF-2001-1842 identified as "count[s] I & III" were affirmed by the OCCA on November 19, 2002, and "count II" was reversed with instructions to dismiss this conviction. Brief in Support of Motion to Dismiss, Ex. 1. These convictions therefore became "final" under 28 U.S.C.

---

[2]None of the alternative circumstances described in § 2244(d)(1) for commencement of the limitations period are applicable to the instant Petition.

§2244(d)(1)(A) on February 19, 2003, when the time for Petitioner to seek certiorari review with the United States Supreme Court, which he did not do, expired.[3] Locke v. Saffle, 237 F.3d 1269, 1272 (10th Cir. 2001)("Under the statute, a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until ...'after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'")(quoting Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999), cert. denied, 528 U.S. 1084 (2000)).  Petitioner therefore had one year from February 19, 2003, to file his federal habeas petition commensurate with 28 U.S.C. § 2244(d)(1), and his one-year filing period expired in February 2004, more than four years before Petitioner filed his federal habeas Petition.  Petitioner did not pursue post-conviction relief in the state courts, and therefore the one-year limitation period was not tolled under 28 U.S.C. § 2244(d)(2).

Petitioner seeks to extend the limitation period due to equitable circumstances.  The § 2244(d)(1) limitation period "may be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998).  In Miller, the circuit court contemplated that extraordinary circumstances, i.e., "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent," may warrant equitable tolling of the § 2244(d)(1) limitation period. Id. at 978.  Equitable tolling is appropriate, for instance, "when a prisoner is actually innocent" or "when an adversary's

---

[3]See Rule 13.1, Rules of the Supreme Court (applicant for certiorari has 90 days from date of judgment to file petition for writ of certiorari); 28 U.S.C. § 2101(d).

conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). The Supreme Court has cautioned, however, that "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 1100 (2007). Moreover, section 2244(d)(1) "requires inmates to diligently pursue claims" in state and federal courts. Miller, 141 F.3d at 978. Accord, Gibson, 232 F.3d at 808.

Petitioner contends that after his sentencing he was transferred to a small county jail without a law library where he remained for three years until he was transferred to "a regular yard." Petitioner contends that "during my Direct Appeals [sic]" he sought but was refused access to a law library. Further, Petitioner contends that he became aware of the legal basis for his habeas claims "only after several years" and that he "didn't even know a Habeas Corpus existed" or have any knowledge of the one-year filing limitation until some unknown time, presumably after the limitation period expired. Although obstructive action by prison officials involving the "complete confiscation" of a petitioner's legal materials has been found to constitute extraordinary circumstances warranting equitable tolling, United States v. Gabaldon, 522 F.3d 1121, 1126 (10th Cir. 2008), Petitioner has not provided sufficient facts showing that he has been prevented from all access to legal resources from the time the one-year limitation period began until he filed the instant Petition. Petitioner's assertion of inadequate access to a prison law library for the first three years of his current incarceration

does not explain his lengthy delay in filing the habeas Petition. See Miller, 141 F.3d at 978 (holding petitioner's contention he was housed in private correctional facility where he lacked access to federal statutes and case law for approximately two year period of time did not warrant equitable tolling). "It is not enough to say that the [county jail] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate .... It is apparent that [Petitioner] simply did not know about the limitation in the AEDPA until it was too late." Id. Petitioner's additional asserted reasons for the delay, including his appellate counsel's alleged ineffective assistance and his lack of awareness of the federal habeas remedy and the habeas filing limitation, also fail to justify equitable tolling. See Gibson, 232 F.3d at 808 (holding petitioner's alleged ignorance of AEDPA's statute of limitations is not sufficient to warrant equitable tolling). Petitioner has not shown that he "diligently pursue[d] his claims" during the time the limitation period was running, and Petitioner has not shown that his "failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Accordingly, the Petition should be dismissed as it is untimely.

<u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 10) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED with prejudice. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ____October 27th____ , 2008, in accordance with 28 U.S.C. § 636

and LCvR 72.1.  The failure to make timely objection to this Supplemental Report and Recommendation would waive their respective right to appellate review of both factual and legal issues contained herein.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ____6th____ day of ____October____, 2008.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE