### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTIAN SATTERFIELD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-08-733-D |
| | ) | |
| | ) | |
| ERIC FRANKLIN, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>O R D E R</u>

Petitioner, a state prisoner appearing *pro se*, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He challenges his convictions for Attempted Manufacture of Controlled Dangerous Substance and Possession of a Precursor, both entered in the District Court of Oklahoma County. In accordance with 28 U.S.C. §636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings. On October 6, 2008, the Magistrate Judge filed a Supplemental Report and Recommendation [Doc. No. 15][1] in which he recommended that the Respondent's Motion to Dismiss be granted and that the Petition be dismissed with prejudice as untimely.

Petitioner timely filed an objection to the Supplemental Report and Recommendation. However, he does not dispute the conclusions in the Supplemental Report and Recommendation or the Magistrate Judge's determination that this action must be dismissed as untimely. He asks only that the action be dismissed without prejudice so that he can return to the state court "and collateral[sic] attack the sentence." Objection [Doc. No. 16].

---

[1]*An earlier Report and Recommendation [Doc. No. 6] regarding payment of the filing fee was adopted by the Court in its August 19, 2008 Order [Doc. No. 8]; the matter was again referred for consideration of the Respondent's Motion to Dismiss.*

Because Petitioner does not object to the content of the Supplemental Report and Recommendation, the Court need not review the matter in detail.  Nevertheless, the Court has reviewed the record and concludes that the Magistrate Judge correctly determined that this action is barred by the expiration of the one-year statute of limitations governing habeas corpus petitions brought by prisoners challenging state court convictions.  28 U. S. C. § 2244(d)(1).  As the Magistrate Judge noted, the record shows that Petitioner's convictions became final for purposes of 28 U. S. C. § 2244(d)(1)(A) on February 19, 2003; the statute of limitations commenced on that date and expired one year thereafter.  However, this action was not filed until July 17, 2008, more than four years after the limitations period expired.  The Court also agrees with the Magistrate Judge that the record establishes no basis for tolling the limitations period.  *See* Supplemental Report and Recommendation at pp. 4-6.

The Court further agrees that dismissal with prejudice is appropriate.  Where the statute of limitations has expired on a claim, a dismissal without prejudice provides no relief to the claimant because an action dismissed as untimely cannot be refiled.  Thus, even if dismissal based on the expiration of the limitations period is without prejudice, it has the practical effect of a dismissal with prejudice.  *See AdvantEdge Business Group v. Thomas E. Mestmaker & Associates, Inc.*, 552 F. 3d 1233, 1236 (10th Cir. 2009).  Petitioner can gain no benefit, under these circumstances, from a dismissal without prejudice.  Although Petitioner mentions his intent to pursue a post-conviction application in state court, he fails to explain how the dismissal of this action impacts such a proceeding.

 Accordingly, the Court concludes that the Supplemental Report and Recommendation [Doc. No. 15] should be, and is hereby, adopted.  This action is dismissed with prejudice as barred by the

expiration of the statute of limitations.

IT IS SO ORDERED this __2nd__ day of March, 2009.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE